IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                    CASE NO. 1:06-cr-00027-MP-AK-3

FREDERICK CHARLES HALL,

      Defendant.

_____/

# **O R D E R**

This matter is before the Court on Doc. 238, Motion to Enforce Specific Performance of Plea Agreement by Frederick Charles Hall. On January 17, 2007, defendant entered into a plea and cooperation agreement with the United States Attorney for the Northern District of Florida. In return for defendant's agreement to plead guilty and cooperate fully, the United States Attorney agreed to, inter alia, make known his opinion as to the nature and extent of the defendant's cooperation.

In keeping with the plea agreement, defendant plead guilty to conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846. Defendant would normally face a sentence of not less than ten years or more than life imprisonment, a $4,000,000.00 fine, and a minimum term of five years supervised release. However, as a result of defendant's prior felony drug convictions, he faced a mandatory minimum sentence of twenty years imprisonment, a $4,000,000.00 fine, and a minimum term of ten years supervised release.

On March 20, 2008, the United States Attorney certified defendant Hall's substantial

assistance pursuant to 18 U.S.C. 3553(e) and § 5K1.1 of the Federal Sentencing Guidelines. The government evaluated defendant's assistance as fair. At sentencing, the Court found that the mandatory minimum did not apply based on the government's certification of defendant's substantial assistance. As such, the Court imposed a sentence of ten years imprisonment to be followed by ten years supervised release, and waived any fine due to inability to pay. This sentence was the lower end of the advisory guideline range for a total offense level 27 and criminal history category V.

Defendant now moves the Court to enforce specific performance of the plea agreement. Defendant argues that the government breached the plea agreement by failing to make known the nature and extent of defendant's cooperation. In support of his argument, defendant specifically refers to Section 2, Paragraph k of the plea agreement, which states "[t]he United States Attorney agrees to make known his opinion as to the nature and extent of the defendant's cooperation." Doc. 115 at 4.

The Court disagrees that the government breached the plea agreement. The agreement does not state that the government is obligated to recount the specifics of defendant's cooperation. It merely states that "[t]he United States Attorney agrees to make known ***his opinion as to*** the nature and extent of the defendant's cooperation." Doc. 115 at 4 (emphasis added). The government did so in it's certification of defendant's substantial assistance by stating that "[t]he government evaluates defendant's assistance to date as fair." Doc. 204 at 3.

Moreover, even if the government had provided the Court with additional details of defendant's cooperation, it would not have affected his sentence. Once the Court determined the mandatory minimum did not apply based on substantial assistance, it was free to impose a sentence less than twenty years which it did. In fact, the Court imposed a sentence at the lower

end of the advisory guideline range.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      Defendant's motion to enforce specific performance of plea agreement is
DENIED.


**DONE AND ORDERED** this   *2nd* day of September, 2011


_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge